UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARVIN GARDNER,

    Plaintiff

v.          Case No. 04-3065

YIPIN SHAH,

    Defendant.

### Order Granting Summary Judgment

Before the court is the defendant's motion for summary judgment (d/e 39). After careful consideration of the parties' submissions, the court concludes that no reasonable inference arises that Dr. Shah was deliberately indifferent under applicable Eighth Amendment standards. Accordingly, summary judgment must be granted to the defendant and this case terminated.

### Standard

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);Fed. R. Civ. P.56©. This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). More than "broad-brushed, conclusory allegations" are necessary to show the existence of a triable issue–"[s]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment." *Scaife v. Cook County*, 446 F.3d. 735, 740 (7th Cir. 2006).

In determining whether material factual disputes exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The question is

1

" . . . whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

## Facts[1]

1. In 1989, the plaintiff was shot in the chest. At that time, the plaintiff received treatment at Mt. Sinai Hospital, but physicians decided to let the bullet remain in the plaintiff's side.

2. In October, 2002, the plaintiff was incarcerated in the Illinois Department of Corrections to serve sentences for drug convictions.

3. In December, 2002, the plaintiff was transferred to Graham Correctional Center.

4. Defendant Dr. Shah was one of the physicians who treated inmates during the plaintiff's incarceration at Graham.

5. While in Graham, the plaintiff complained to Dr. Shah about the bullet from the 1989 incident, which was still lodged in the plaintiff's side. In response to the plaintiff's complaint about the bullet in his side, Dr. Shah physically examined the plaintiff's gunshot wound and advised the plaintiff that the bullet needed to be removed. The plaintiff questioned Dr. Shah's medical judgment because, in the plaintiff's view, the bullet was "coming out on its own." Dr. Shah pointed out that the plaintiff's wound had a fluid build-up and was infected. The plaintiff then consented to the removal of the bullet.

6. The parties dispute whether Dr. Shah attempted to extract the bullet on March 15, 2003, or on July 14, 2003. The dispute is material to whether the plaintiff timely exhausted his administrative remedies.

Dr. Shah offers his own affidavit and the plaintiff's medical records to support the March 15th date. The plaintiff cites to the allegations in his complaint and to his grievance attached to the Complaint, but offers no affidavit of his own or other corroborating evidence. Parties opposing summary judgment cannot rest on their pleadings to show a genuine issue of material fact. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Because the plaintiff only recounts his allegations,[2] the March 15th date stands undisputed. However, addressing the factual

---

[1]These facts are taken, often verbatim, from the defendant's undisputed material facts (d/e 39, pp. 3-7), to the extent relevant, supported by the defendant's cites to the record, and not disputed by the plaintiff in his response.

[2]The response says only, "In his complaint, Gardner alleges that he went to the health care unit on July 14, 2003 for a blood pressure check." (d/e 40, p. 1). "Gardner disputes Dr. Shah's contention that he attempted to remove the bullet on March 15, 2003. . . Gardner states in

merits of the plaintiff's claim renders this dispute irrelevant. In the court's opinion, facing the merits is the stronger and preferred footing here. Accordingly, the Court does not address the parties' arguments on exhaustion of administrative remedies.

7. Dr. Shah injected a local anesthetic into the wound area and attempted to remove the bullet. This allegedly caused the plaintiff pain because, according to the plaintiff, the wound had not yet become numb from the anesthetic. Dr. Shah responded to the plaintiff's pain by injecting additional anesthetic into the surgical site.

8. The plaintiff claims that he again yelled that Dr. Shah's attempt to remove the bullet was causing him pain. To reduce his discomfort, Dr. Shah again injected anesthetic into the plaintiff for a third time but the plaintiff repeatedly yelled that he was in "a lot of pain." Dr. Shah then gave the plaintiff two pills for the pain. The plaintiff alleges that he continued to feel Dr. Shah's surgical instrument inside him and again told the doctor that he was in pain because the area was not yet numb.

9. Dr. Shah spent eighteen minutes attempting to remove the plaintiff's bullet. However, Dr. Shah's attempts were unsuccessful. Dr. Shah then bandaged the plaintiff's injury and sent the plaintiff back to his housing unit.

10. To combat the infection, Dr. Shah prescribed an oral antibiotic to be administered four times per day for one week. Dr. Shah also prescribed Motrin for pain, as needed, and ordered the medical staff to change the dressings on the plaintiff's gunshot wound twice per day for four days. A check-up appointment was scheduled for one week.

11. Dr. Shah avers that he next saw the plaintiff in Graham's hypertension clinic on July 14, 2003, where the plaintiff complained again of the bullet. The plaintiff does not dispute that he saw Dr. Shah on July 14, 2003, but he alleges that this was the date of the attempted extraction (see discussion above). The plaintiff does not dispute that Dr. Shah found the wound to be infected and with drainage, and prescribed antibiotics and dressing changes twice a day.

12. Dr. Shah avers that his treatment of the plaintiff's wound and his attempt to remove the bullet from the plaintiff's side were appropriate and consistent with the standard of care. The plaintiff does not dispute that the bullet wound was open and infected and that the bullet needed to be removed. The plaintiff does not dispute that the wound needed to be cleansed and the infection treated, nor does he dispute that Dr. Shah physically examined the wound site and could feel and see the bullet's location. Dr. Shah determined that there was no need for an x-ray

---

his complaint and in his grievance attached thereto . . . that the attempt was made on July 14, 2003." *Id.* p. 3.

3

to confirm what he could already feel.[3] Dr. Shah administered local anesthesia and pain medication and attempted to remove the bullet, but was not successful.

## Analysis

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001).

The parties do not dispute that the plaintiff's medical need was serious. Nor do the parties dispute that the attempted extraction caused the plaintiff pain. The inquiry is whether Dr. Shah was deliberately indifferent to that medical need and pain.

The "deliberate indifference" requirement is a high hurdle. Deliberate indifference is not negligence or even gross negligence. *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Malpractice or disagreement with a doctor's treatment decisions is not deliberate indifference. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). To show deliberate indifference, the plaintiff must show Dr. Shah "was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001), *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir. 2000). Deliberate indifference might be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment,

---

[3]Dr. Shah avers, "I felt around the plaintiff's wound and could feel a hard rectangular foreign body that felt like a bullet situated just below [the plaintiff's] skin. The open wound was infected and was producing drainage. To remedy that problem, I offered to remove the bullet and the plaintiff agreed. After giving him two Tylenol #3 tablets and local anesthesia, I tried to remove the bullet aseptically. I tried several times to remove the plaintiff's bullet but was unsuccessful. The plaintiff had become quite anxious and did not want me to continue. I prescribed antibiotics to combat his infection and anti-inflammatory/pain medication to help ease his pain. I also ordered that the plaintiff's wound dressing to be changed twice a day and the wound be rechecked in one week. In my professional judgment, there was no need for an x-ray before or after this minor procedure because my physical examination revealed that the bullet was close to the surface of the skin . . . .In my professional opinion, I believe that my care and treatment of the plaintiff's gunshot wound was appropriate. Even though I did not remove the bullet, the plaintiff's condition did not worsen and, due to the antibiotics, I believe his condition improved." (Shah Aff. paras. 4-5).

practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996); *see also Collingnon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998)(deliberate indifference may be established if "response so inadequate that it demonstrated an absence of professional judgment, that is, that a nominally competent professional would not have so responded under the circumstances."). Failure to effectively treat painful medical conditions and to provide pain medicine for significant pain may also allow an inference of deliberate indifference. *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997)(" . . . delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims); *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996)(whether plaintiffs were in sufficient pain to warrant pain medication was question for jury and did not require medical expert testimony).

The plaintiff offers no evidence to suggest that Dr. Shah's decisions and actions were not within accepted professional standards. The plaintiff does not dispute Dr. Shah's medical opinion that the wound was opened, infected and draining. He does not dispute Dr. Shah's medical opinion that extraction of the bullet was a minor procedure and would remedy those problems, and that Dr. Shah could feel the bullet, obviating the need for an x-ray. There is no evidence that extraction was not medically advisable or should not have been attempted. There is no evidence that Dr. Shah's approach to that extraction, or approach to relieving the plaintiff's resulting pain, deviated from the standard of care. Dr. Shah administered local anesthetic before attempting the extraction (and, according to the plaintiff's own allegations, administered additional local anesthetic in response to the plaintiff's complaints of pain), as well as providing the plaintiff with Tylenol #3 at the time of the extraction. The plaintiff does not dispute that, after the procedure, Dr. Shah ordered antibiotics and pain medication for the plaintiff.

The Court does not doubt that the attempted extraction was painful. But, there is no evidence that Dr. Shah was deliberately indifferent to that pain or inflicted pain gratuitously or sadistically. Dr. Shah anticipated the plaintiff's pain by administering local anesthetic, responded to the plaintiff's continued pain with more anesthetic and Tylenol #3, and then prescribed more pain medicine after that. There is no evidence that the extraction could be performed pain-free. What more Dr. Shah could have done or should have done is speculation.

The unpublished case cited by the plaintiff, *Edens v. Larson*, 110 Fed. Appx. 710, 714, 2004 WL 2202535 (7th Cir. 2004)(unpublished), does not support the plaintiff's case. In *Edens* the plaintiff provided *evidence* on summary judgment that a prison doctor's prescribed treatment for cluster headaches was ineffective. That evidence, coupled with the prison doctor's failure to sufficiently explain the basis for his medical treatment decisions, allowed the possibility that the doctor's treatment had been a "substantial departure from accepted professional judgment." In contrast, the plaintiff here has produced no evidence that Dr. Shah's treatment was outside the accepted norm, and Dr. Shah's affidavit is not vague or conclusory. [4]

---

[4]The plaintiff alleges in his complaint that an x-ray would have showed the bullet's exact location, but he offers no evidence that the bullet was not where Dr. Shah determined on

5

The plaintiff argues that, "The brief time allotted for the surgery, the ineffectiveness of the anesthetics employed and the resultant pain [the plaintiff] suffered, the ultimate failure to remove the bullet (which was mandated treatment), and the failure to provide adequate post-surgery care to alleviate [the plaintiff's] pain alleged in his complaint may be sufficient to show deliberate indifference." (d/e 40, p.6-7). At this stage, the plaintiff "cannot rest on allegations but must 'come forward with evidence that would reasonably permit the finder of fact to find in [plaintiff's] favor on a material question,' otherwise the 'court must enter summary judgment against [the plaintiff].'" *McGrath v. Gillis*, 44 F.3d 567, 569 (7th Cir. 1995), *quoting Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). The plaintiff's case is still in the pleading stage. He offers no evidence to support his allegations. Even if he had submitted his own affidavit, he cannot testify to the acceptable range of medical treatment for his bullet wound, or to the appropriate medical treatment for the pain he suffered during and after the extraction procedure. Accordingly, summary judgment is mandated for the defendant.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment is granted (d/e 39). The Clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff pursuant to Fed. R. Civ. P. 56. This case is terminated.

Entered this 24th Day of August, 2006.

                                        **s\Harold A. Baker**

                                        HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE

---

physical examination. Even if Dr. Shah was mistaken regarding the bullet's location, there is no evidence that such a mistake would amount to deliberate indifference.